**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ANTHONY RAY WEST**                                                                                         **PETITIONER**
**Reg # 01472-031**

v.                      **CASE NO.: 2:08CV00210 JLH/BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**        **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.     Background

On April 7, 1988, a Judge for the United States District Court for the Western District of Missouri sentenced Petitioner Anthony Ray West to a fifteen-year term of imprisonment and three years of supervised release under 18 U.S.C. § 4205 ("the 1988 sentence") for knowingly and intentionally distributing cocaine, an offense committed before the effective date of the Sentencing Reform Act ("SRA"). Petitioner was paroled from the 1988 sentence on March 10, 1985. (#1 at p. 7)

On January 11, 2000, federal authorities arrested Petitioner. On May 9, 2001, the United States District Court for the Western District of Missouri sentenced Petitioner to a 120-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. At sentencing, the District Court recommended that the United States Parole Commission ("USPC") run Petitioner's parole violation concurrent with the new sentence it was imposing. (#10-6 at p. 3) The new term of imprisonment was later reduced to 90 months ("the 90-month sentence"). (#10-7 at p. 3)

While Petitioner was serving his 90-month sentence, the USPC issued a warrant based on a parole violation of the 1988 sentence. (#10-8 at p. 2) The USPC requested

the warrant be held as a detainer and not be executed until Petitioner was released from his 90-month sentence.

On May 15, 2006, Petitioner filed a petition for habeas corpus in the United States District Court for the Eastern District of Arkansas under 28 U.S.C. § 2241, claiming the detainer lodged against him by USPC precluded him from being considered for transfer to less secure surroundings and rendered him ineligible for community based programs, including half-way house placement. *West v. Outlaw*, Case No. 2:07cv00070, 2007 WL 2903021 at *3 (E.D. Ark. 2007). In proposed findings and recommendations entered on October 2, 2006, United States Magistrate Judge John F. Forster, Jr. found that Petitioner's arguments were without merit and recommended that Petitioner's § 2241 petition be dismissed with prejudice. *West v. Sanders*, 2:06CV00129 JMM-JFF (E.D.Ark. Oct. 2, 2006). On October 20, 2006, United States District Judge James M. Moody entered an order adopting the Magistrate Judge's findings and recommendations and dismissed Petitioner's § 2241 petition with prejudice.

When Petitioner was released from his 90-month sentence on July 25, 2006, the warrant for the parole violation was executed. (#10-9) The USPC issued a Notice of Action ("Notice") on November 29, 2006. (#10-10) The Notice revoked Petitioner's parole and did not credit Petitioner with any of the time spent on parole. Additionally, in the Notice, the USPC denied parole and ordered Petitioner to serve the original sentence

until expiration. The Notice did not order Petitioner's violator term to run concurrent with the 90-month sentence satisfied on July 25, 2006.

On May 25, 2007, Petitioner brought a second petition for habeas relief under 28 U.S.C. § 2241 challenging, among other things, the USPC's delay in executing the parole violator warrant and holding a parole revocation hearing. *West v. Outlaw*, Case No. 2:07cv00070, 2007 WL 2903021 at *1 (E.D. Ark. 2007). United States District Judge James M. Moody again dismissed the petition with prejudice adopting the proposed findings and recommendations of Magistrate Judge John F. Forster, Jr.

Petitioner brings this petition under 28 U.S.C. § 2241 claiming Respondent's calculation of his sentence is an unlawful restraint of his liberty.[1] (docket entry #1 at p. 8) In his initial response (#10), Respondent argued that the petition should be dismissed for failure to exhaust administrative remedies. Respondent claimed that Petitioner had not completely exhausted his administrative remedies because he had not filed a form "BP-11" appeal of the Regional Director's decision with the Office of General Counsel. (#10 at p. 3) Petitioner replied to the response attaching a copy of a "Central Office

---

[1]On October 9, 2009, Petitioner filed a Notice of Change of Address, reflecting that he is now incarcerated at Federal Prison Camp Englewood in Littleton, Colorado. (# 20) There is no question that, at the time the Petition was filed, Petitioner was incarcerated at FCI Forrest City. Thus, at the time the current Petition was filed, the Court could properly exercise jurisdiction over the § 2241 action. See *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (the proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing). A petitioner's post-filing transfer does not, in and of itself, defeat jurisdiction. See *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998).

Administrative Remedy Appeal" form completed by Petitioner and dated October 2, 2008. (#11 at p. 7) Petitioner also attached an affidavit in which he states the Central Office has not responded to his appeal. (#11 at p. 5)

Petitioner has provided sufficient evidence of his attempt to fully exhaust his administrative remedies. Accordingly, the Court will not dismiss the petition for failure to exhaust administrative remedies. For the reasons set forth below, however, the Court recommends that the District Court dismiss Petitioner's petition without prejudice.

### III. Subject Matter Jurisdiction:

Inmates contesting the lawfulness of their federal convictions and the sentences imposed generally must bring a motion in the sentencing court to vacate, set aside or correct their sentence, under 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, is appropriate if the inmate is attacking the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).

In this case, Petitioner's claim challenges the Respondent's calculation of his sentence, and he asks the Court to "order the Bureau of Prisons to recalculate his sentence" to run his 90-month sentence concurrent with his 1988 sentence. His petition,

however, does not challenge the way the BOP has calculated his sentence, but rather the validity of his sentence.  Petitioner claims the District Court violated Section 5G1.3(b) of the United States Sentencing Guidelines when it failed to order his 90-month sentence to run concurrent with the 1988 sentence in violation of "statutory provisions of [18 U.S.C.A. §] 3553(a)."  (#1 at pp. 6, 8)

The Eighth Circuit Court of Appeals, in fact, addressed this issue in its order denying Petitioner's appeal of his conviction.  See *United States v. West*, 32 Fed. Appx. 197, 2002 WL 535080 (8th Cir. 2002).   The Court stated that, "the district court did not have the authority to run [Petitioner's] sentence concurrent with any revocation sentence the Parole Commission may impose on a prior federal conviction for which he had been paroled at the time he committed the instant offense.  *See* U.S.S.G. § 5G1.3, comment (n.6); *United states v. Murphy*, 69 F.3d 237, 245 (8th Cir. 1995), *cert. denied*, 516 U.S. 1153, 116 S.Ct. 1032."  *Id*. at 198.

This Court cannot entertain Petitioner's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

Title 28 U.S.C. § 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To take advantage of the savings clause, a petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court under 28 U.S.C. § 2255. *Abdullah*, 392 F.3d at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id*. Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

In this case, Petitioner has failed to meet his burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court. As set forth above, Petitioner had the opportunity to raise the same claim raised in this petition with the sentencing court and the issue was addressed by the Eighth Circuit Court of Appeals.

To the extent Petitioner is raising a slightly different claim, *i.e.*, that the "Sentencing Commission did not adequately address this particular issue when it drafted § 5G1.3," Petitioner could have raised this claim in a motion under 28 U.S.C. § 2255.

See *Abdullah*, 392 F.3d at 960 (holding § 2255 relief was adequate when petitioner had an unobstructed procedural opportunity to raise his claim). Accordingly, the Court does not have jurisdiction to entertain his petition under 28 U.S.C. § 2241.

Further, this Court does not have jurisdiction to review the substantive decisions of the Parole Commission to grant or deny parole.[2] *Hutchings v. U.S. Parole Commission*, 201 F.3d 1006, 1008 (8th Cir. 2000) (citing *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1185 (8th Cir. 1990).

## IV. Conclusion

For the reasons set forth above, the Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#1), without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED this 22nd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court would have jurisdiction to review the USPC's decision-making process to determine whether the Commission exceeded the scope of its authority granted by Congress. *Jones*, 903 F.2d at 1185. Petitioner does not, however, raise such a claim in this petition.